IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LOUIS E. ASHE, et al | * | |
| Plaintiffs | * | |
| v. | * | |
| THE DEPARTMENT OF PERMITS & DEVELOPMENT MANAGEMENT OFFICE OF BALTIMORE COUNTY, et al | * | Civil Action No.: L-01-CV-2650 |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \*

### MOTION TO STRIKE PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Defendant, "Baltimore County Government," by its undersigned counsel, and pursuant to Federal Rule of Civil of Procedure 41(a)(2), hereby opposes the Plaintiffs' Notice of Voluntary Dismissal Without Prejudice and in support thereof states as follows:

1. On or about August 23, 2001, plaintiffs filed an Amended Complaint in the Circuit Court for Baltimore County which sought relief under the United States Constitution, among other state law claims. Thereafter, and within the time period set forth under 28 U.S.C. §1446, defendant filed a Notice of Removal in the above-captioned case, pursuant to 28 U.S.C. §1441.

2. In the Baltimore County action, defendant filed a counterclaim seeking legal and equitable remedies in connection with municipal code infractions committed by plaintiffs, owners of a "house[1]" known as 108 Avon Beach Road, Baltimore, Maryland 21222. Such

---

[1] This house is the subject of an order for it to be razed because it presents numerous health and safety violations. Plaintiffs could have appealed that order but did not, so it forever binds the property. Nevertheless, believe it or not,

counterclaim was included among the pleadings filed in this Court with the defendant's Notice of Removal on September 4, 2001.

3.  On September 6, 2001, counsel for defendant received plaintiffs' Notice of Voluntary Dismissal Without Prejudice, filed pursuant to Federal Rule Civil Procedure 41(a)[2].

4.  Ordinarily, plaintiffs enjoy the unfettered right to dismiss actions pursuant to Rule 41(a), but such is not the case in the present action. Indeed, and as revealed in the following cases, such a voluntary dismissal is not allowed when, as here, the counterclaim does not contain an independent basis of federal jurisdiction.

5.  This is illustrated in Bioxy, Inc. v. Birko Corp., 935 F. Supp. 737 (E.D.N.C. 1996), wherein the court discussed the plaintiff's notice of voluntary dismissal under Rule 41. In doing so, the court quoted the pertinent Federal Civil Rules as follows:

> If a counterclaim has been pleaded by defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." Fed. R. Civ. P. Rule 41(a)(2).

Id. at 740.

In Bioxy, given that the counterclaim asserted federal jurisdiction under the Declaratory Judgment Act, it did not bar the motion for voluntary dismissal under Rule 41.

6.  A similar result obtained in Smith v. Dowden, 47 F. 3d 940 (8th Cir. 1995), wherein the court noted that "a plaintiff's ability to have his action dismissed with impunity pursuant to Rule 41(a) is foreclosed only when the defendant has filed a counterclaim prior to the

---

plaintiffs claim to have sold the property to an ostensibly willing (but not possibly competent) buyer. Because plaintiffs failed to avail themselves of administrative remedies, they brought this suit seeking an injunction, stopping the planned destruction. The plaintiffs' manipulation of the courts is sanctionable.

[2] There was no cover letter accompanying this paper directed to the Clerk of the United States District Court, although the certificate of service certified that the paper was mailed to undersigned on September 5, 2001. So defendant assumes it was filed with the clerk.

dismissal of the action." Id. at 943. See also Chamfer Engineering, Inc. v. Tapco International, Inc., 498 F. Supp. 129, 131 (S.D. Tex. 1980) (same).

WHEREFORE, for the foregoing reasons, defendant, "Baltimore County Government," respectfully requests this Court to reject Plaintiffs' Notice of Voluntary Dismissal. Plaintiffs are not permitted to unilaterally dismiss the case out from under a defendant. Plaintiffs must obtain defendant's consent before doing so and defendant does not consent. This case must proceed in this forum.

                                Respectfully Submitted,

                                Edward J. Gilliss
                                County Attorney

                                _____
                                John E. Beverungen
                                Deputy County Attorney
                                Baltimore County Office of Law
                                400 Washington Avenue, Second Floor
                                Towson, Maryland 21204
                                (410) 887-4420
                                Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___7___ day of September, 2001, a copy of the foregoing Motion to Strike Plaintiffs' Notice of Voluntary Dismissal Without Prejudice was mailed, postage prepaid, to:

                                Claudia Barber, Esquire
                                8325 Cherry Lane
                                Laurel, Maryland 20707
                                Attorney for Plaintiffs

                                _____
                                John E. Beverungen