FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 FEB 14  P 3: 32

BALTIMORE

_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LOUIS E. ASHE, et al.** | : | |
| | : | |
| v. | : | CIVIL NO. L-01-2650 |
| | : | |
| **BALTIMORE COUNTY** | : | |

### ORDER

On February 7, 2002, the Court held a hearing by conference call regarding Plaintiffs' Motion to Remand and delivered an oral opinion. This Order memorializes the oral opinion, which is hereby adopted by reference.[1]

On July 31, 2001, Plaintiffs filed a Complaint in the Circuit Court for Baltimore County. The Complaint did not explicitly assert any federal claims under the 14th Amendment of the U.S. Constitution or 42 U.S.C. §1983. The Complaint did, however, assert violations of "due process" in three separate places. Additionally, two contemporaneous papers, (i) Plaintiffs' Memorandum in Support of Temporary Restraining Order and (ii) the Temporary Restraining Order issued by the Circuit Court for Baltimore County (both of which were drafted by Plaintiffs' counsel), explicitly referenced alleged 14th Amendment due process violations.

On September 4, 2001, Plaintiff filed an Amended Complaint which explicitly recited federal law claims. Defendant Baltimore County responded to the Amended Complaint by removing the case to this Court.

On September 18, 2001, Plaintiff filed a Motion to Remand contending that the removal

---

[1] The telephone conference was recorded electronically. Transcripts of the conference may be ordered from the Clerk's office.



was untimely. Plaintiffs cite <u>Link v. Telecommunications</u>, 119 F. Supp.2d 536 (D. M.D. 2000), in support of the contention that, in combination, the original Complaint, the Memorandum in Support of the Temporary Restraining Order, and the Temporary Restraining Order itself put Defendant on sufficient notice that federal claims were being asserted. Plaintiffs argue that the notice of removal was untimely because it was filed more than thirty days after the Circuit Court issued the Temporary Restraining Order. Defendant contends, however, that the removal was proper because it was sought within 30 days after the filing of the Amended Complaint.

The Court hereby GRANTS Plaintiffs' Motion to Remand for the following reasons:

(i) Plaintiffs' procedural due process claim is based on the argument that Defendant neglected to give them a notice required under Maryland law. Because that notice has now been given and Plaintiffs' property has not been razed, the federal due process claim is essentially moot.

(ii) The remaining counts of the Complaint all arise under state law. State law will also govern whether Defendant is permitted to raze Plaintiffs' garage. Because this is a case in which all of the claims to be litigated arise under state law, the case is more properly lodged in state court.

(iii) Were this a case in which federal questions predominated, the Court would be less likely to remand because Plaintiffs' federal claims were not clearly spelled out in the original papers. The Court cautions Plaintiffs' counsel that future federal claims should be explicitly spelled out in the Complaint to avoid unnecessary confusion and delay.

Accordingly, Plaintiffs' Motion is GRANTED and this case is remanded to the Circuit Court for Baltimore County for further proceedings on Plaintiff's claims.

On September 12, 2001, the Court issued a Scheduling Order providing for a discovery cut off date of January 25, 2002. Counsel erroneously concluded that the filing of the Motion to Remand stayed discovery.[2] As a result, the parties have not engaged in any discovery in this case.

It is so ORDERED this 14TH day of February, 2002.

_____
Benson Everett Legg
United States District Judge

---

[2] There is no practical reason why a motion to remand would stay discovery; discovery procedures in state and federal court are essentially the same.